AO 245B(05-MA) (Rev 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

UNITED STATES OF AMERICA
V.
**JENNIFER MILESKI**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1: 10 CR 10228 - 001 - DPW**

USM Number: 93365-038

Roger Witkin
Defendant's Attorney

☑ Additional documents attached
Preliminary Order of Forfeiture

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1, 2, 3 of the Information on 9/14/10

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | CONSPIRACY | 12/08 | 1 of 3 |
| 18 USC § 1341 | MAIL FRAUD | 08/14/08 | 2 of 3 |
| 26 USC § 7206(2) | PROCURING A FALSE TAX RETURN | 12/31/07 | 3 of 3 |

The defendant is sentenced as provided in pages 2 through 11 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/24/11
Date of Imposition of Judgment

[signature]
Signature of Judge

The Honorable Douglas P. Woodlock
Judge, U.S. District Court
Name and Title of Judge

March 25 2011
Date

DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

1 Year and 1 day on each count, to be served concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ________ ☐ a.m. ☐ p.m. on ________ .
- ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☑ before 2 p.m. on a date TBD upon the release of co-defendant Kinh Dinh Do
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ________ to ________

a ________ , with a certified copy of this judgment.

________
UNITED STATES MARSHAL

By ________
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA) (Rev 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05



DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years on each count, to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

## Continuation of Conditions of ☐ Supervised Release ☐ Probation

DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ $300.00 | $ | $ $734,225.06 |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| The Travelers Indemnity Co.<br>Attn: Laurie Arnold<br>One Tower Square<br>Hartford, CT 06183 | | $77,811.00 | |
| Internal Revenue Service<br>Attn: MPU, STOP 151<br>P.O. Box 47-421<br>Doraville, GA 30362 | | $656,414.06 | |

☑ See Continuation Page

| **TOTALS** | $ $0.00 | $ $734,225.06 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Any monies forfeited pursuant to the judgment shall be applied to the defendant's joint and several restitution obligation with her spouse/codefendant, Kinh Dinh Do.

AO 245B(05-MA) (Rev 06/05) Judgment in a Criminal Case
Sheet 6 - D Massachusetts - 10/05



DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ __________ due immediately, balance due

☐ not later than __________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal __________ (e.g., weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal __________ (e.g., weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within __________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT OF $300.00, AND RESTITUTION OF $734,225.06, IMMEDIATELY OR ACCORDING TO A PAYMENT PLAN ESTABLISHED BY THE COURT IN CONSULTATION WITH THE PROBATION OFFICER, IF NOT PAID IN FULL BEFORE RELEASE FROM PRISON THROUGH A BUREAU OF PRISONS FINANCIAL RESPONSIBILITY PROGRAM.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

☒ See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Defendant: Jennifer Mileski-10-cr-10228-DPW-$734,225.06
Co-Defendant: Kinh Dinh Do-10-cr-10228-DPW-$734,225.06

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**
DISTRICT: **MASSACHUSETTS**



# STATEMENT OF REASONS

**I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics)

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations)

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

- ☐ findings of fact in this case
- ☐ substantial assistance (18 U.S.C. § 3553(e))
- ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 18
Criminal History Category: I
Imprisonment Range: 27 to 33 months
Supervised Release Range: 2 to 3 years
Fine Range: $ 6,000 to $ 1,468,450.12
☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**
DISTRICT: **MASSACHUSETTS**



# STATEMENT OF REASONS

## IV ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)

A ☐ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart**

B ☐ **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.** (Use Section VIII if necessary )

C ☐ **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.** (Also complete Section V )

D ☑ **The court imposed a sentence outside the advisory sentencing guideline system.** (Also complete Section VI )

## V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)

A **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

☐ 4A1.3 Criminal History Inadequacy
☐ 5H1.1 Age
☐ 5H1.2 Education and Vocational Skills
☐ 5H1.3 Mental and Emotional Condition
☐ 5H1.4 Physical Condition
☐ 5H1.5 Employment Record
☐ 5H1.6 Family Ties and Responsibilities
☐ 5H1.11 Military Record, Charitable Service, Good Works
☐ 5K2.0 Aggravating or Mitigating Circumstances
☐ 5K2.1 Death
☐ 5K2.2 Physical Injury
☐ 5K2.3 Extreme Psychological Injury
☐ 5K2.4 Abduction or Unlawful Restraint
☐ 5K2.5 Property Damage or Loss
☐ 5K2.6 Weapon or Dangerous Weapon
☐ 5K2.7 Disruption of Government Function
☐ 5K2.8 Extreme Conduct
☐ 5K2.9 Criminal Purpose
☐ 5K2.10 Victim's Conduct
☐ 5K2.11 Lesser Harm
☐ 5K2.12 Coercion and Duress
☐ 5K2.13 Diminished Capacity
☐ 5K2.14 Public Welfare
☐ 5K2.16 Voluntary Disclosure of Offense
☐ 5K2.17 High-Capacity, Semiautomatic Weapon
☐ 5K2.18 Violent Street Gang
☐ 5K2.20 Aberrant Behavior
☐ 5K2.21 Dismissed and Uncharged Conduct
☐ 5K2.22 Age or Health of Sex Offenders
☐ 5K2.23 Discharged Terms of Imprisonment
☐ Other guideline basis (*e.g.*, 2B1.1 commentary)

D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**
DISTRICT: **MASSACHUSETTS**



# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A **The sentence imposed is** (Check only one.):
- ☐ below the advisory guideline range
- ☐ above the advisory guideline range

B **Sentence imposed pursuant to** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
- ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
- ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
- ☐ government motion for a sentence outside of the advisory guideline system
- ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
- ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
- ☑ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.).

C **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

- ☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
- ☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
- ☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
- ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
- ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
- ☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
- ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

Given the defendant's extraordinary family responsibilities the staggered sentences of the codefendant spouses are sufficient by not greater than necessary to serve the purposes of § 3553.

AO 245B (05-MA) (Rev 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D Massachusetts - 10/05

DEFENDANT: **JENNIFER MILESKI**
CASE NUMBER: **1: 10 CR 10228 - 001 - DPW**
DISTRICT: **MASSACHUSETTS**



## STATEMENT OF REASONS

### VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: 734,225.06

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U S.C § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U S C § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U S C § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U S C § 3663A(c)(3)(B)

3 ☐ For other offenses for which restitution is authorized under 18 U S C § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U S C § 3663(a)(1)(B)(ii)

4 ☐ Restitution is not ordered for other reasons (Explain )

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

### VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: xx/xx/1973

Defendant's Residence Address: Lowell, MA

Defendant's Mailing Address: Same as above

Date of Imposition of Judgment
03/24/11

Signature of Judge

The Honorable Douglas P. Woodlock Judge, U.S. District Court
Name and Title of Judge

Date Signed March 25, 2011

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 10-cr-10228-DPW |
| | ) | |
| (1) JENNIFER MILESKI | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**WOODLOCK, D.J.,**

WHEREAS, on July 16, 2010, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendants Jennifer Mileski and Kinh Dinh Do (the "Defendants") with Conspiracy in violation of 18 U.S.C. § 371 (Count One), Mail Fraud in violation of 18 U.S.C. § 1341, and Procuring a False Tax Return in violation of 26 U.S.C. § 7206(2);

WHEREAS, the Information also contained Mail Fraud Forfeiture Allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, jointly and severally, upon conviction of the Defendants of any offense alleged in Counts One and Two of the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, on July 29, 2010, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. §§ 371 and 1341;

WHEREAS, the Bill of Particulars identified property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses, including but not

limited to the following:

a. $202,818.00 in United States Currency, seized from Jennifer Mileski and Kinh Dinh Do at 26 Carroll Parkway, Lowell, MA on December 12, 2008; and

b. $12,345.00 in United States Currency, seized from Jennifer Mileski and Kinh Dinh Do at 57 Powell Street, Lowell, MA on December 12, 2008,

(collectively, the "Currency");

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such property, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on September 14, 2010, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Mileski pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that she signed on the same day;

WHEREAS, in Section Ten of the plea agreement, defendant Mileski admitted that the Currency is subject to forfeiture because it constitutes, or is derived from, proceeds traceable to defendant Mileski's mail fraud as charged in Counts One and Two of the Information, therefore consenting to the forfeiture of all her interests in the Currency;

WHEREAS, in light of defendant Mileski's guilty plea and admission in her plea agreement, the United States has established the requisite nexus between the Currency and the

offenses to which defendant Mileski pled guilty, and accordingly, the Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Currency and the offenses to which defendant Mileski pled guilty.

2. Accordingly, all of defendant Mileski's interests in the Currency are hereby forfeited to the United States of America for disposition pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Currency and maintain it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated in 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Currency.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated in 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have an alleged interest in the Currency to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C.

§ 2461(c), the notice referred to above shall state: (a) that any person, other than defendant Mileski, asserting a legal interest in the Currency, shall, within sixty (60) days after the first day of publication of notice on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, and any additional facts supporting the petitioner's claim and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), as incorporated by 28 U.S.C. § 2461(c), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), for the filing of such petitions, the United States of America shall have clear title to the Currency.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to defendant Mileski at the time of her sentencing, will be part of defendant Mileski's criminal sentence, and will be included in the

criminal judgment entered by this Court against her.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
United States District Judge

Date: March 25, 2011

